Susie K. ACKERMAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 4561.

United States District Court
D. Wyoming.

June 6, 1962.

Zaring, Zaring & Gish of Basin, Wyoming, for plaintiff.

Robert N. Chaffin, United States Attorney, Cheyenne, Wyoming, and Burton A. Schwalb, Attorney, Tax Division, Department of Justice, Washington, D. C., for defendant.

KERR, District Judge.

This case involves an installment sale transaction out of which developed taxpayer's claim for the refund of income taxes allegedly erroneously and illegally assessed and collected by defendant as a deficiency income tax for the taxable year of 1958 in the sum of $1,136.50, including interest. Jurisdiction is conferred by Section 1346(a) (1) of Title 28 U.S.C. By order of the Court, upon stipulation of the parties, the action was dismissed as to Harry F. Scribner, District Director of Internal Revenue, District of Wyoming, and prosecuted against the United States of America as sole party defendant.

The issue to be decided is whether taxpayer's failure to report the 1958 sale of real property and to elect the installment method on her 1958 income tax return disqualified her from installment treatment, when, in fact, she received no income from the sale in 1958.

The material facts have been stipulated by the parties and may be briefly stated as follows: Taxpayer, a widow, sold some real estate on December 27, 1958, for $13,000.00, the buyers giving her a note and mortgage for that purchase price. On the same date the deed and mortgage were duly recorded. As a result of this sale taxpayer realized $9,612.50 as long term capital gain, but she received no payment on the purchase price in the year of the sale. Buyers made their first payment to taxpayer on January 2, 1959, in the amount of $4,000.00, and on November 23, 1959, they also paid taxpayer the sum of $1,125.00.

*In her 1958 federal income tax return taxpayer did not report the sale of the real estate and the gain to be received therefrom. Neither did she elect to report the income from the sale on the installment method.* These facts, together with a statement of the computation of the gross profit on the sale were not reported in taxpayer's income tax return until 1959, at which time she also reported the receipt of the total sum of $5,125.00 on account of the purchase price. Taxpayer agrees, in the stipulation, that her original computation was erroneous and that the basis should have been $3,387.50 and therefore the gain should have been $9,612.50. This was the determination made by the Commissioner after the audit and review of taxpayer's 1958 and 1959 returns.

The Commissioner also determined that taxpayer's gain was taxable in its entirety in 1958 and that she overstated her 1959 income by including the $5,125.00 received in that year from the 1958 sale transaction. On April 19, 1961, the Commissioner assessed the deficiency of $1,006.80, plus $129.70, interest for the year 1958. Taxpayer paid the deficiency, filed a timely claim for refund in the amount paid, waived the statutory notice of disallowance of said claim, and sued to recover the amount of the deficiency assessment.

It is the taxpayer's theory that she qualifies to benefit from the provisions of Section 453 of the Internal Revenue Code of 1954 because, having received

no payments in 1958, the year of the sale, she made a timely report of the sale and the income therefrom in 1959 when she first received the installment payments.

The government contends that the whole amount of the gain is taxable in the year of the sale because taxpayer failed to comply with the Treasury regulation requiring her to make a timely election to report her income from the sale by the installment method, and to report in her 1958 return the sale and the computation of the gross profit.

So far as here pertinent, Section 453 of the 1954 Code provides that, when no payment is made in the taxable year of the sale, the income from the sale of real property on the installment basis may be returned in any taxable year on the prescribed formula, namely: the seller may, under regulations prescribed by the Secretary or his delegate, return as income from the installment sale "in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price". (26 U.S.C. § 453).

The Treasury regulation under which the seller must also qualify is Section 1.453–8(b) (1) of T.D. 6314, which reads as follows:

"A taxpayer who sells or otherwise disposes of real property, or who makes a casual sale or other casual disposition of personal property, and *who elects to report the income therefrom on the installment method must set forth in his income tax return (or in a statement attached thereto) for the year of the sale* or other disposition the computation of the gross profit on the sale or other disposition under the installment method. In any taxable year in which the taxpayer receives payments attributable to such sale or other disposition, he must also show in his income tax return the computation of the amount of income which is being reported in that year on such

sale or other disposition." (Emphasis supplied)

This regulation requires that a person who sells real property and who wishes to benefit from Section 453 of the 1954 Code must *elect* to report the income from such sale on the installment method and *must* report in his income tax return (or in a statement attached thereto) *for the year of the sale* the computation of the gross profit on the sale. The government argues that this part of the regulation pertains to sales in which no payment is received in the year of the sale. To buttress its argument that the regulation requires not only a report of profit when money is not received, but also a report of income when money is received, the government analyzes the next sentence in the same regulation. It is there provided that "In any taxable year in which the taxpayer receives payments attributable to such sale * * * he must also show in his income tax return the computation of the amount of income which is being reported in that year on such sale * * *".

Taxpayer contends that the regulation requires a report only of the computation of gross profits received in the year of the sale. Since she received no profits in 1958 she concludes that there was nothing to report about the sale in 1958. Consequently she asserts that her failure to report the sale and her election to report the income therefrom on the installment basis does not preclude her from reporting on the installment method in the subsequent years when income was actually received from this installment sale.

The United States contends that in electing the installment method the taxpayer must, in the return for the year of the sale, report the facts of the sale transaction and computation of the gross profit. According to the government such election must be made known to the Internal Revenue Service in the year of the sale.

Literally construed the regulation in issue demands of the taxpayer in the year of the sale her election to report income therefrom on the installment method, and a report of the computation of the gross

profit anticipated from the sale. In the year when payments are received, taxpayer is likewise required to report the computation of the amount of income received that year from the sale. Clearly, taxpayer did not satisfy the departmental regulations. In 1958, when the sale transaction was consummated, she did not report the facts and circumstances of the sale of her property; she did not elect to report her income therefrom on the installment method; and she did not compute the gross profit on the sale. She is precluded, therefore, from reporting her gain under Section 453 of the 1954 Code.

■ The courts are bound to sustain treasury regulations that are reasonable and consistent with the revenue statutes. This rule is clearly stated as follows in Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831:

"This Court has many times declared that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons."

The validity of Section 1.453–8(b) (1) cannot be successfully attacked. I am constrained, therefore, to hold that the taxpayer did not comply with the pertinent regulations and that she did not make a timely election to report the income from the sale of her real property by the installment method under the provisions of Section 453 of the Internal Revenue Code of 1954 and as a result thereof cannot recover the tax in question.

■ This seems to be a harsh penalty against a taxpayer who did not receive a taxable income in 1958 from the sale of her property, and who was not avoiding any tax obligation nor attempting to deceive or defraud the government. Congress, however, has delegated the Secretary or his delegate, not the courts, to fill in the details of Section 453. It is the province of this court to decide if the regulation is reasonable, and not to amend it by holding the sale may be reported in the year following the sale. If the regulation is wrong it ought to be changed; but that power is not for the court but for the Secretary or his delegate. See Minor v. Happersett, 21 Wall. 162, 178, 22 L.Ed. 627 (1875).

This opinion sufficiently states the Findings of Fact and Conclusions of Law of the Court. Further Findings of Fact and Conclusions of Law are unnecessary. Appropriate Judgment will be entered.